IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff-Respondent,

 vs.                                                               CIVIL NO. 08-409 JP/LFG
                                                                    CRIM. NO. 04-2147 JP

JOHN SAUNDERS,

        Defendant-Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS OF FACT AND RECOMMENDED DISPOSITION
AND DISMISSING ACTION, WITH PREJUDICE**

THIS MATTER is before the Court on the Chief Magistrate Judge's Findings of Fact and Recommended Disposition, filed April 17, 2009 [Doc. 42], recommending denial of Defendant-Movant John Saunders ("Saunders") 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence [Doc. 1], and dismissal of the case, with prejudice.[1]  On May 6, 2009, Saunders filed objections to the proposed findings of fact and recommended disposition. [Doc. 44.]  The Court conducted a *de novo* review of those portions of the Magistrate Judge's findings of fact and recommended disposition to which Saunders objects.

---

[1] On October 3, 2008, the Magistrate Judge entered an earlier set of findings and recommendation [Doc. 18], proposing that Saunders' claims of ineffective assistance of counsel in failing to investigate and properly cross-examine witnesses be dismissed, with prejudice, but that the remaining claim that trial counsel was ineffective in allegedly advising Saunders to testify at trial be explored further at an evidentiary hearing. [Doc. 8.] The under-signed Senior District Court Judge adopted the Magistrate Judge's first proposed findings and recommendations, with the result that the Magistrate Judge held an evidentiary hearing on March 23, 2009, as to the remaining claim. [*See* Doc. 42, §§ 3, 4.] The Court's present Order Adopting the Magistrate Judge's recommendation disposes of the entire case.

In his May 6, 2009 objections, Saunders generally "maintains that he received ineffective assistance of counsel. . . ." [Doc. 44, p. 1.] Saunders objects to the Magistrate Judge's failure to find credible Saunders' testimony that he had no choice other than to testify at trial in accordance with trial attorney, Roger Finzel's ("Attorney Finzel") alleged advice or coercion.  Saunders continues to argue that Attorney Finzel told him he would "hang" if Saunders did not testify on his behalf at trial, and that Attorney Finzel did not allow Saunders time to read a waiver form before signing it. [Doc. 44, p. 1.]

Saunders also objects to the Magistrate Judge's findings that Saunders viewed the March 23, 2009 evidentiary hearing as an attempt to retry the underlying criminal case.  Saunders claims that he was not trying to enhance his credibility or exonerate himself during the evidentiary hearing as found by the Magistrate Judge. [Doc. 44, p. 2.]

In addition, Saunders objects to the Magistrate Judge's finding that Federal Public Defender Attorney Tom Jameson ("Attorney Jameson") met with Saunders at Attorney Finzel's request because of Saunders' insistence to testify at trial.  Saunders further objects to the finding that Attorney Jameson's testimony was entirely credibly while Saunders' credibility was not. [Doc. 44, p. 2.]

Saunders asserts that he testified truthfully at the evidentiary hearing notwithstanding the Magistrate Judge's credibility findings to the contrary.  Saunders argues that his testimony was credible while Attorney Finzel's testimony was not.

The Court notes that the Magistrate Judge held an evidentiary hearing at which Saunders testified at length regarding his contentions that trial counsel essentially forced him to testify at his underlying trial.  Saunders was represented by counsel at the evidentiary hearing.  In reviewing the transcript of the evidentiary hearing, the Court observes that it lasted over an hour. [Doc. 39, transcript.] The witnesses were subjected to thorough examination and cross-examination.  The

Magistrate Judge clarified some of the testimony through its own follow-up questions to the witnesses. [Doc. 39.]

In addition to Saunders' testimony, his mother testified at the evidentiary hearing on his behalf. Attorney Finzel testified at the evidentiary hearing, along with Attorney Jameson. Based on the testimony before it, the Magistrate Judge had ample opportunity to observe the witnesses who testified, including their demeanor, method and manner in responding to questions and to assess all of the witnesses' credibility. The Magistrate Judge was in the best position to resolve the factual disputes regarding this issue. Moreover, the arguments presented in Saunders' objections were thoroughly addressed by the attorneys' examination of witnesses at the evidentiary hearing and also set out in Saunders' proposed findings of fact and conclusions of law that the Magistrate Judge reviewed and addressed in his findings of fact and recommendations.

The Court finds that Saunders' objections essentially re-argue the same positions he asserted in pleadings and at the evidentiary hearing, all of which the Magistrate Judge carefully considered and rejected in his recommended disposition.

The Court agrees with the Magistrate Judge's proposed findings of fact and recommendation that Saunders' remaining ineffective assistance of counsel claim be denied, that his § 2255 petition be denied, and that this case be dismissed, with prejudice.

IT IS HEREBY ORDERED that the findings and recommended disposition of the United States Magistrate Judge are adopted by the Court.

IT IS FURTHER ORDERED that Saunders' § 2255 motion is denied and that the action be, and hereby is, dismissed with prejudice.

*James A. Parker*
UNITED STATES DISTRICT COURT